KATHRYN KENEALLY
Assistant Attorney General

Henry C. Darmstadter
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C.  20044-0683
Telephone:       (202) 307-6481
Facsimilie:       (202) 307-0054
E-Mail:       henry.c.darmstadter@usdoj.gov

LAURA E. DUFFY
Southern District of California
United States Attorney
*Of Counsel*

*Counsel for the United States*

IN THE UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALAM F. MAHMOOD, | Civ. No. 13-CV-1542 BTM NLS |
| Petitioner, | |
| v. | **DECLARATION OF STEVEN L. GOLDBLATT** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

I, Steven L. Goldblatt, pursuant to 28 U.S.C. § 1746, hereby declare that:

1.      I am a duly commissioned Revenue Agent employed by the Internal

Revenue Service in the Small Business/Self-Employed Division, located in San

Diego, California

2.      Pursuant to Section 7602 of the Internal Revenue Code of 1986, Title

26 U.S.C. and Treasury Regulations, Section 301.7602-1, 26 C.F.R. Subsections

301.7602-1 and 301.7603-1(b); and IRS Delegation Order No. 25-1, Revenue

Agents are authorized to issue Internal Revenue Service Administrative

Summonses.

3.      In my capacity as a Revenue Agent, I have been at all times relevant

1   herein assigned to conduct an examination into the federal income tax liabilities of
2   Petitioner, Salam F. Mahmood and his wife, Entisar T. Mahmood, for the years
3   2005 through 2012. For the same tax periods, I am also conducting an investigation
4   of Petitioner's businesses, Advanced PayDay Plus, Inc. and Checks Cashed for
5   Less, Inc. as well as a trust entity, the Salam F. Mahmood 2002 Trust, over which
6   Petitioner has control.  The stock of Advanced PayDay Plus, Inc. ("Advanced
7   PayDay") appears to be held in the Salam F. Mahmood 2002 Trust with Petitioner
8   acting as Trustee and his children as ostensible trust beneficiaries.

9       4.    Although Advanced PayDay is organized as a subchapter S
10  corporation, it has inconsistently filed its income tax returns as a subchapter C
11  corporation for some tax periods. For other years where Advanced PayDay has filed
12  as a subchapter S corporation, Petitioner, as a shareholder, has not recognized any
13  flow-through income or loss.

14      5.    Checks Cashed for Less, Inc. ("Checks Cashed for Less") is organized
15  as a subchapter C corporation with Petitioner apparently its sole shareholder.
16  Checks Cashed for Less has not filed a corporate income tax return (Form 1120)
17  under its EIN since 2007.

18      6.    Both Advanced PayDay and Checks Cashed for Less have been
19  operated by Petitioner to provide cash checking services.  During my audit
20  investigation, although requested, Petitioner has, to date, refused to provide me with
21  access to the books and records for these corporations.  During the periods under
22  investigation, Petitioner has transferred funds from Advanced PayDay into his
23  personal bank accounts and purchased money orders using Advanced PayDay's
24  funds made payable to himself or cash.  MoneyGram International, Inc. has been
25  the money order processor for Advanced PayDay. Advanced PayDay has sold
26  MoneyGram money orders to it customers for a fee.

27      7.    On February 25, 2010, Checks Cashed for Less filed for a chapter 7
28  bankruptcy proceeding in the United States Bankruptcy Court for the Southern

District. (USBC S.D. Cal. Case No. 10-02864-L T7). By Order entered April 25, 2013, the Court dismissed the bankruptcy proceeding.

8. In furtherance of my examination, and in accordance with 26 U.S.C. §§ 7602 and 7603, on June 25, 2013, one attested copy of an IRS administrative Summons was served on the Custodian of Records for MoneyGram International, Inc. via certified mail. The Summons directed the Custodian of Records for MoneyGram International, Inc. to appear at the IRS office at 333 West Broadway, San Diego, California, at 9:30 a.m. on July 20, 2013, to give testimony and produce all books, papers, records, and other data pertaining to money transfers or money orders with respect to the following entities and individuals: Advanced PayDay, Checks Cashed for Less, Salam F. Mahmood, Entisar T. Mahmood and the Salam F. Mahmood 2002 Trust for the calendar years 2005 through 2012. A true and correct copy of the summons (with SSN and EIN redacted) is attached as Exhibit A.

9. The IRS does not possess any of the information or documents requested in the Summons to MoneyGram International, Inc.

10. The information and documents requested in the Summons to MoneyGram International, Inc. may assist in determining the revenue or income for Petitioner and his businesses. This information may be relevant to my examination of the federal income tax liabilities of Petitioner, his wife and their corporations and trust.

11. On June 25, 2013, in accordance with 26 U.S.C. § 7609(a), notice of the issuance of the summons, a copy of the summons, and a notice explaining the right to bring a proceeding to quash the summons, were sent, via certified mail, individually addressed, to Advanced PayDay, Checks Cashed for Less, Salam F. Mahmood, Entisar T. Mahmood and the Salam F. Mahmood 2002 Trust at their last known addresses. I also sent a copy of the summons, by certified mail, to Petitioner's representative and power of attorney, Robert J. Bliss, C.P.A. True and correct copies of the proofs of service and certified mail receipts are attached as Exhibit B.

12. To date, MoneyGram International, Inc. has not provided me with any of the information or documents requested in the Summons. On July 12, 2013, I received a correspondence, via facsimile, from MoneyGram International, Inc advising me that MoneyGram International, Inc. would not respond to the Summons until the Court has ruled upon the Petition to Quash. A true and correct copy of the correspondence from MoneyGram is attached as Exhibit C.

13. All administrative steps required by the Internal Revenue Code for issuance of the Summons described above have been taken.

14. No Justice Department referral, as defined by 26 U.S.C. § 7602(d)(2), is in effect for Advanced PayDay, Checks Cashed for Less, Salam F. Mahmood, Entisar T. Mahmood and the Salam F. Mahmood 2002 Trust.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 28th day of August, 2013 in San Diego, California.

Steven L. Goldblatt
Revenue Agent
Internal Revenue Service

4

# EXHIBIT A



# Summons

In the matter of  Advance Pay Day Plus, Incorporated  EIN:         6859,

Internal Revenue Service (Division):  Small Business / Self Employed Divison

Industry/Area (name or number):  California Area, San Francisco Territory, Group 6

Periods: Calendar years ending December 31, 2005 through December 31, 2011

## The Commissioner of Internal Revenue

**To:** Custodian of Records, MoneyGram International, Inc.

**At:** 1550 Utica Avenue SO MS MBC-1508, Minneapolis, Minnesota 55416

You are hereby summoned and required to appear before  Steven L. Goldblatt, Internal Revenue Agent # 0819404 or his designee
an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers,
and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the
administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

Please see the enclosed Attachment detailing the request. This summons includes but is not limited to Advance Pay
Day Plus, Incorporated  EIN:         6859.

### Do not write in this space

**Business address and telephone number of IRS officer before whom you are to appear:**

Internal Revenue Service, 333 West Broadway, Mail Stop 4466,  San Diego, CA 92101    619-615-7719

**Place and time for appearance at**  Internal Revenue Service, 333 West Broadway, 7th Floor San Diego, CA 92101

| | on the | 20th | day of | July | | 2013 | at | 9:30 | o'clock | AM | m. |

**IRS**

Department of the Treasury
**Internal Revenue Service**

**www.irs.gov**

Form 2039 (Rev. 10-2010)
Catalog Number 21405J

Issued under authority of the Internal Revenue Code this  25th  day of   June  , 2013
                                                                                              *(year)*

_Steven L. Goldblatt_
Signature of issuing officer                        Revenue Agent
                                                                        Title

_[signature]_
Signature of approving officer *(if applicable)*    Group Manager
                                                                        Title

**Original —** to be kept by IRS



# Service of Summons, Notice and Recordkeeper Certificates

(Pursuant to section 7603, Internal Revenue Code)

I certify that I served the summons shown on the front of this form on:

| Date | Time |
|---|---|
| June 25, 2013 | |

**How Summons Was Served**

1. ☐ I certify that I handed a copy of the summons, which contained the attestation required by § 7603, to the person to whom it was directed.

2. ☐ I certify that I left a copy of the summons, which contained the attestation required by § 7603, at the last and usual place of abode of the person to whom it was directed. I left the copy with the following person (if any): _____

3. ☒ I certify that I sent a copy of the summons, which contained the attestation required by § 7603, by certified or registered mail to the last known address of the person to whom it was directed, that person being a third-party recordkeeper within the meaning of § 7603(b). I sent the summons to the following address: Custodian of Records, MoneyGram International, 1550 Utica Avenue SO MS MBC-1508, Minneapolis, Minnesota 55416

| Signature | Title |
|---|---|
| Steven L. Greenblatt | Revenue Agent |

4. This certificate is made to show compliance with IRC Section 7609. This certificate does not apply to summonses served on any officer or employee of the person to whose liability the summons relates nor to summonses in aid of collection, to determine the identity of a person having a numbered account or similar arrangement, or to determine whether or not records of the business transactions or affairs of an identified person have been made or kept.

I certify that, within 3 days of serving the summons, I gave notice (Part D of Form 2039) to the person named below on the date and in the manner indicated.

Date of giving Notice: June 25, 2013 _____   Time: _____   By certified mailing

Name of Noticee: Advance Pay Day Plus, Inc., Salam F. Mahmood, President Complete list on Summons Attachment

Address of Noticee (if mailed): 724 Highland Avenue, Suite B, National City, CA 91950

**How Notice Was Given**

☒ I gave notice by certified or registered mail to the last known address of the noticee.

☐ I left the notice at the last and usual place of abode of the noticee. I left the copy with the following person (if any).

☐ I gave notice by handing it to the noticee.

☐ In the absence of a last known address of the noticee, I left the notice with the person summoned.

☐ No notice is required.

| Signature | Title |
|---|---|
| Steven L. Greenblatt | Revenue Agent |

I certify that the period prescribed for beginning a proceeding to quash this summons has expired and that no such proceeding was instituted or that the noticee consents to the examination.

| Signature | Title |
|---|---|
| | |

Form **2039** (Rev. 10-2010)

# ATTACHMENT TO SUMMONS – MONEYGRAM INTERNATIONAL

| | |
|---|---|
| In the matter of: | ADVANCE PAY DAY PLUS, INC |
| FEIN: | 6859 |
| Addresses: | 724 Highland Avenue, Unit B, National City, California 91950 |
| Periods: | Calendar year ending December 31, 2005 through Calendar year ending December 31, 2012. |

Please provide copies of the Money Transfers or Money Orders for the exam period of calendar years ending December 31, 2005 through calendar year ending December 31, 2012 for the following entities and individuals.

CHECKS CASH FOR LESS, INC. FEIN:      0895
724 HIGHLAND AVENUE, UNIT B, NATIONAL CITY, CALIFORNIA 91950

SALAM F. MAHMOOD SSN: :        -5595
5587 LA JOLLA MESA DRIVE, LA JOLLA, CA 92037

ENTISAR T. MAHMOOD SSN:        -6736
5587 LA JOLLA MESA DRIVE, LA JOLLA, CA 92037

SALAM F. MAHMOOD 2002 TRUST, FEIN:        5821
724 HIGHLAND AVENUE, UNIT B, NATIONAL CITY, CALIFORNIA 91950

Personal appearance is not necessary if the required records are received by mail by the date specified in the summons.  A cover letter is required which outlines the information and records provided.



# Summons

In the matter of  Advance Pay Day Plus, Incorporated  EIN:          6859,

Internal Revenue Service (Division):   Small Business / Self Employed Divison

Industry/Area (name or number):   California Area, San Francisco Territory, Group 6

Periods: Calendar years ending December 31, 2005 through December 31, 2011

## The Commissioner of Internal Revenue

To:  Custodian of Records, MoneyGram International, Inc.

At:  1550 Utica Avenue SO MS MBC-1508, Minneapolis, Minnesota 55416

You are hereby summoned and required to appear before   Steven L. Goldblatt, Internal Revenue Agent # 0819404 or his designee
an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers,
and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the
administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

Please see the enclosed Attachment detailing the request. This summons includes but is not limited to Advance Pay
Day Plus, Incorporated  EIN:          6859.

### Attestation

I hereby certify that I have examined and compared this copy of the summons with the original
and that it is a true and correct copy of the original.

_____          Revenue Agent
Signature of IRS officer serving the summons                    Title

**Business address and telephone number of IRS officer before whom you are to appear:**

Internal Revenue Service, 333 West Broadway, Mail Stop 4466,  San Diego, CA 92101   619-615-7719

**Place and time for appearance at**  Internal Revenue Service, 333 West Broadway, 7th Floor San Diego, CA 92101

## IRS

Department of the Treasury
**Internal Revenue Service**

**www.irs.gov**

Form 2039 (Rev. 10-2010)
Catalog Number 21405J

on the ___20th___ day of ___July___ , ___2013___ at __9:30__ o'clock __AM__ m.
*(year)*

Issued under authority of the Internal Revenue Code this __25th__ day of ___June___    ___2013___
*(year)*

_____          Revenue Agent
Signature of issuing officer                    Title

_____          Group Manager
Signature of approving officer *(if applicable)*          Title

**Part A** - to be given to person summoned

## ATTACHMENT TO SUMMONS – MONEYGRAM INTERNATIONAL

In the matter of:   ADVANCE PAY DAY PLUS, INC

FEIN:           6859

Addresses:    724 Highland Avenue, Unit B, National City, California 91950

Periods:      Calendar year ending December 31, 2005 through Calendar year ending December 31, 2012.

Please provide copies of the Money Transfers or Money Orders for the exam period of calendar years ending December 31, 2005 through calendar year ending December 31, 2012 for the following entities and individuals.

CHECKS CASH FOR LESS, INC. FEIN:        0895
724 HIGHLAND AVENUE, UNIT B, NATIONAL CITY, CALIFORNIA 91950

SALAM F. MAHMOOD SSN:         5595
5587 LA JOLLA MESA DRIVE, LA JOLLA, CA 92037

ENTISAR T. MAHMOOD SSN:       -6736
5587 LA JOLLA MESA DRIVE, LA JOLLA, CA 92037

SALAM F. MAHMOOD 2002 TRUST, FEIN:       5821
724 HIGHLAND AVENUE, UNIT B, NATIONAL CITY, CALIFORNIA 91950

Personal appearance is not necessary if the required records are received by mail by the date specified in the summons.  A cover letter is required which outlines the information and records provided.



# Provisions of the Internal Revenue Code

## Sec. 7602. Examination of books and witnesses

(a) Authority to Summon, etc. - For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary is authorized -

    (1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry.

    (2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and

    (3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry.

(b) Purpose may include inquiry into offense. - The purposes for which the Secretary may take any action described in paragraph (1), (2), or (3) of subsection (a) include the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws.

(c) Notice of contact of third parties. -

    (1) General Notice. - An officer or employee of the Internal Revenue Service may not contact any person other than the taxpayer with respect to the determination or collection of the tax liability of such taxpayer without providing reasonable notice in advance to the taxpayer that contacts with persons other than the taxpayer may be made.

    (2) Notice of specific contacts. - The Secretary shall periodically provide to a taxpayer a record of persons contacted during such period by the Secretary with respect to the determination or collection of the tax liability of such taxpayer. Such record shall also be provided upon request of the taxpayer.

    (3) Exceptions. - This subsection shall not apply-

        (A) to any contact which the taxpayer has authorized,

        (B) if the Secretary determines for good cause shown that such notice would jeopardize collection of any tax or such notice may involve reprisal against any person, or

        (C) with respect to any pending criminal investigation.

(d) No administrative summons when there is Justice Department referral.-

    (1) Limitation of authority. - No summons may be issued under this title, and the Secretary may not begin any action under section 7604 to enforce any summons, with respect to any person if a Justice Department referral is in effect with respect to such person.

    (2) Justice Department referral in effect. - For purposes of this subsection-

        (A) In general. - A Justice Department referral is in effect with respect to any person if-

            (i) the Secretary has recommended to the Attorney General a grand jury investigation of, or the criminal prosecution of, such person for any offense connected with the administration or enforcement of the internal revenue laws or

            (ii) any request is made under section 6103(h)(3)(B) for the disclosure of any return or return information (within the meaning of section 6103(b)) relating to such person.

        (B) Termination. - A Justice Department referral shall cease to be in effect with respect to a person when-

            (i) the Attorney General notifies the Secretary, in writing, that -

                (I) he will not prosecute such person for any offense connected with the administration or enforcement of the internal revenue laws,

                (II) he will not authorize a grand jury investigation of such person with respect to such an offense, or

                (III) he will discontinue such a grand jury investigation.

            (ii) a final disposition has been made of any criminal proceeding pertaining to the enforcement of the internal revenue laws which was instituted by the Attorney General against such person, or

            (iii) the Attorney General notifies the Secretary, in writing, that he will not prosecute such person for any offense connected with the administration or enforcement of the internal revenue laws relating to the request described in sub paragraph (A)(ii).

    (3) Taxable years, etc., treated separately. - For purposes of this subsection, each taxable period (or, if there is no taxable period, each taxable event) and each tax imposed by a separate chapter of this title shall be treated separately.

(e) Limitation on examination on unreported income. - The Secretary shall not use financial status or economic reality examination techniques to determine the existence of unreported income of any taxpayer unless the Secretary has a reasonable indication that there is a likelihood of any unreported income.

---

Authority to examine books and witness is also provided under sec. 6420 (e)(2) - Gasoline used on farms: sec. 6421(g)(2) - Gasoline used for certain nonhighway purposes by local transit systems, or sold for certain exempt purposes; and sec. 6427(j)(2) - Fuels not used for taxable purposes.

~ ~ ~ ~ ~

## Sec. 7603. Service of summons

(a) In general - A summons issued under section 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7602 shall be served by the Secretary, by an attested copy delivered in hand to the person to whom it is directed, or left at his last and usual place of abode; and the certificate of service signed by the person serving the summons shall be evidence of the facts it states on the hearing of an application for the enforcement of the summons. When the summons requires the production of books, papers, records, or other data, it shall be sufficient if such books, papers, records, or other data are described with reasonable certainty

(b) Service by mail to third-party recordkeepers. -

    (1) In general. - A summons referred to in subsection (a) for the production of books, papers, records, or other data by a third-party recordkeeper may also be served by certified or registered mail to the last known address of such recordkeeper.

    (2) Third party record keeper. - For purposes of paragraph (1), the term *third-party recordkeeper* means -

        (A) any mutual savings bank, cooperative bank, domestic building and loan association, or other savings institution chartered and supervised as a savings and loan or similar association under Federal or State law, any bank (as defined in section 581), or any credit union (within the meaning of section 501 (c)(14)(A));

        (B) any consumer reporting agency (as defined under section 603(f) of the Fair Credit Reporting Act (15 U.S.C. 1681 a(f));

        (C) any person extending credit through the use of credit cards or similar devices;

        (D) any broker (as defined in section 3(a)(4) of the Securities Exchange Act of 1934 (15 U.S.C. 78c(a)(4));

        (E) any attorney;

        (F) any accountant;

        (G) any barter exchange (as defined in section 6045(c)(3));

        (H) any regulated investment company (as defined in section 851) and any agent of such regulated investment company when acting as an agent thereof;

        (I) any enrolled agent; and

        (J) any owner or developer of a computer software source code (as defined in section 7612(d)(2)). Subparagraph (J) shall apply only with respect to a summons requiring the production of the source code referred to in subparagraph (J) or the program and data described in section 7612(b)(1)(A)(ii) to which source code relates.

## Sec. 7604. Enforcement of summons

(a) Jurisdiction of District Court. - If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, records, or other data, the United States district court for the district in which such person resides or is found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, records, or other data.

(b) Enforcement. - Whenever any person summoned under section 6420(e)(2), 6421 (g)(2), 6427(j)(2), or 7602 neglects or refuses to obey such summons, or to produce books, papers, records, or other data, or to give testimony, as required, the Secretary may apply to the judge of the district court or to a United States Commissioner for the district within which the person so summoned resides or is found for an attachment against him as for a contempt. It shall be the duty of the judge or Commissioner to hear the application, and, if satisfactory proof is made, to issue an attachment, directed to some proper officer, for the arrest of such person, and upon his being brought before him to proceed to a hearing of the case; and upon such hearing the judge or the United States Commissioner shall have power to make such order as he shall deem proper, not inconsistent with the law for the punishment of contempts, to enforce obedience to the requirements of the summons and to punish such person for his default or disobedience.

~ ~ ~ ~ ~

## Sec. 7605. Time and place of examination

(a) Time and place. - The time and place of examination pursuant to the provisions of section 6420(e)(2), 6421 (g)(2), 6427(j)(2), or 7602 shall be such time and place as may be fixed by the Secretary and as are reasonable under the circumstances. In the case of a summons under authority of paragraph (2) of section 7602, or under the corresponding authority of section 6420(e)(2), 6421 (g)(2) or 6427(j)(2), the date fixed for appearance before the Secretary shall not be less than 10 days from the date of the summons.

## Sec. 7610. Fees and costs for witnesses

(a) In general. - The Secretary shall by regulations establish the rates and conditions under which payment may be made of -

    (1) fees and mileage to persons who are summoned to appear before the Secretary, and

    (2) reimbursement for such costs that are reasonably necessary which have been directly incurred in searching for, reproducing, or transporting books, papers, records, or other data required to be produced by summons.

(b) Exceptions. - No payment may be made under paragraph (2) of subsection (a) if -

    (1) the person with respect to whose liability the summons is issued has a proprietary interest in the books, papers, records or other data required to be produced, or

    (2) the person summoned is the person with respect to whose liability the summons is issued or an officer, employee, agent, accountant, or attorney of such person who, at the time the summons is served, is acting as such.

(c) Summons to which section applies. - This section applies with respect to any summons authorized under section 6420(e)(2), 6421 (g)(2), 6427(j)(2), or 7602.

## Sec. 7210. Failure to obey summons

Any person who, being duly summoned to appear to testify, or to appear and produce books, accounts, records, memoranda or other papers, as required under sections 6420(e)(2), 6421(g)(2), 6427(j)(2), 7602, 7603, and 7604(b), neglects to appear or to produce such books, accounts, records memoranda, or other papers, shall, upon conviction thereof, be fined not more than $1,000, or imprisoned not more than 1 year, or both, together with costs of prosecution.

Form **2039** (Rev. 10-2010)

# Notice of Payment Information for Recipients of IRS Summons

If you are a third-party recipient of a summons, you may be entitled to receive payment for certain costs directly incurred which are reasonably necessary to search for, reproduce, or transport records in order to comply with a summons.

This payment is made only at the rates established by the Internal Revenue Service to certain persons served with a summons to produce records or information in which the taxpayer does not have an ownership interest. The taxpayer to whose liability the summons relates and the taxpayer's officer, employee, agent, accountant, or attorney are not entitled to this payment. No payment will be made for any costs which you have charged or billed to other persons.

The rate for search costs is limited to the total amount of personnel time spent locating and retrieving documents or information requested by the summons. Specific salaries of such persons may not be included in search costs. In addition, search costs do not include salaries, fees, or similar costs for analysis of material or for managerial or legal advice, expertise, research, or time spent for any of these activities. If itemized separately, search costs may include the actual costs of extracting information stored by computer in the format in which it is normally produced, based on computer time and necessary supplies. Time for computer search may be paid.

Rates for reproduction costs for making copies or duplicates of summoned documents, transcripts, and other similar material may be paid at the allowed rates. Photographs, films, and other material are reimbursed at cost.

The rate for transportation costs is the same as the actual cost necessary to transport personnel to locate and retrieve summoned records or information, or costs incurred solely by the need to transport the summoned material to the place of examination.

In addition to payment for search, reproduction, and transportation costs, persons who appear before an Internal Revenue Service officer in response to a summons may request payment for authorized witness fees and mileage fees. You may make this request by contacting the Internal Revenue Service officer or by claiming these costs separately on the itemized bill or invoice as explained below.

## Instructions for requesting payment

After the summons is served, you should keep an accurate record of personnel search time, computer costs, number of reproductions made, and transportation costs. Upon satisfactory compliance, you may submit an itemized bill or invoice to the Internal Revenue Service officer before whom you were summoned to appear, either in person or by mail to the address furnished by the Internal Revenue Service officer. Please write on the itemized bill or invoice the name of the taxpayer to whose liability the summons relates.

If you wish, Form 6863, Invoice and Authorization for Payment of Administrative Summons Expenses, may be used to request payment for search, reproduction, and transportation costs. Standard Form 1157, Claims for Witness Attendance Fees, Travel, and Miscellaneous Expenses, may be used to request payment for authorized witness fees and mileage fees. These forms are available from the Internal Revenue Service officer who issued the summons.

If you have any questions about the payment, please contact the Internal Revenue Service officer before whom you were summoned to appear.

Anyone submitting false claims for payment is subject to possible criminal prosecution.



Department of the Treasury
**Internal Revenue Service**

**www.irs.gov**

Form 2039 (Rev. 10-2010)
Catalog Number 21405J

**Part B — to be given to person summoned**

## Sec. 7609. Special procedures for third-party summons

(a) Notice-

(1) In general. - If any summons to which this section applies requires the giving of testimony on or relating to, the production of any portion of records made or kept on or relating to, or the production of any computer software source code (as defined in 7612(d)(2)) with respect to, any person (other than the person summoned) who is identified in the summons, then notice of the summons shall be given to any person so identified within 3 days of the day on which such service is made, but no later than the 23rd day before the day fixed in the summons as the day upon which such records are to be examined. Such notice shall be accompanied by a copy of the summons which has been served and shall contain an explanation of the right under subsection (b)(2) to bring a proceeding to quash the summons.

(2) Sufficiency of notice. - Such notice shall be sufficient if, on or before such third day, such notice is served in the manner provided in section 7603 (relating to service of summons) upon the person entitled to notice, or is mailed by certified or registered mail to the last known address of such person, or, in the absence of a last known address, is left with the person summoned. If such notice is mailed, it shall be sufficient if mailed to the last known address of the person entitled to notice or, in the case of notice to the Secretary under section 6903 of the existence of a fiduciary relationship, to the last known address of the fiduciary of such person, even if such person or fiduciary is then deceased, under a legal disability, or no longer in existence.

(3) Nature of summons. - Any summons to which this subsection applies (and any summons in aid of collection described in subsection (c)(2)(D)) shall identify the taxpayer to whom the summons relates or the other person to whom the records pertain and shall provide such other information as will enable the person summoned to locate the records required under the summons.

(b) Right to intervene; right to proceeding to quash.

(1) Intervention. - Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to intervene in any proceeding with respect to the enforcement of such summons under section 7604.

(2) Proceeding to quash.

(A) In general. - Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2). In any such proceeding, the Secretary may seek to compel compliance with the summons.

(B) Requirement of notice to person summoned and to Secretary. - If any person begins a proceeding under subparagraph (A) with respect to any summons, not later than the close of the 20-day period referred to in subparagraph (A) such person shall mail by registered or certified mail a copy of the petition to the person summoned and to such office as the Secretary may direct in the notice referred to in subsection (a)(1).

(C) Intervention, etc. - Notwithstanding any other law or rule of law, the person summoned shall have the right to intervene in any proceeding under subparagraph (A). Such person shall be bound by the decision in such proceeding (whether or not the person intervenes in such proceeding).

(c) Summons to which section applies. -

(1) In general. - Except as provided in paragraph (2), this section shall apply to any summons issued under paragraph (2) of section 7602(a) or under sections 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7612.

(2) Exceptions. - This section shall not apply to any summons

(A) served on the person with respect to whose liability the summons is issued, or any officer or employee of such person;

(B) issued to determine whether or not records of the business transaction or affairs of an identified person have been made or kept;

(C) issued solely to determine the identity of any person having a numbered account (or similar arrangement) with a bank or other institution described in section 7603(b)(2)(A);

(D) issued in aid of the collection of-

(i) an assessment made or a judgment rendered against the person with respect to whose liability the summons is issued, or

(ii) the liability at law or in equity of any transferee or fiduciary of any person referred to in clause; or

(E) (i) issued by a criminal investigator of the Internal Revenue Service in connection with the investigation of an offense connected with the administration or enforcement of the internal revenue laws, and

(ii) served on a person who is not a third-party recordkeeper (as defined in section 7603(b)).

(3) John Doe and Certain Other Summonses. - Subsection (a) shall not apply to any summons described in subsection (f) or (g).

(4) Records. - For purposes of this section, the term records includes books, papers, and other data.

(d) Restriction on examination of records. - No examination of any records required to be produced under a summons as to which notice is required under subsection (a) may be made -

(1) before the close of the 23rd day after the day notice with respect to the summons is given in the manner provided in subsection (a)(2), or

(2) where a proceeding under subsection (b)(2)(A) was begun within the 20-day period referred to in such subsection and the requirements of subsection (b)(2)(B) have been met, except in accordance with an order of the court having jurisdiction of such proceeding or with the consent of the person beginning the proceeding to quash.

(e) Suspension of Statute of Limitations. -

(1) Subsection (b) action. - If any person takes any action as provided in subsection (b) and such person is the person with respect to whose liability the summons is issued (or is the agent, nominee, or other person acting under the direction or control of such person), then the running of any period of limitations under section 6501 (relating to the assessment and collection of tax) or under section 6531 (relating to criminal prosecutions) with respect to such person shall be suspended for the period during which a proceeding, and appeals therein, with respect to the enforcement of such summons is pending.

(2) Suspension after 6 months of service of summons. - In the absence of the resolution of the summoned party's response to the summons, the running of any period of limitations under section 6501 or under section 6531 with respect to any person with respect to whose liability the summons is issued (other than a person taking action as provided in subsection (b)) shall be suspended for the period-

(A) beginning on the date which is 6 months after the service of such summons, and

(B) ending with the final resolution of such response.

(f) Additional requirements in the case of a John Doe summons. -

Any summons described in subsection (c)(1) which does not identify the person with respect to whose liability the summons is issued may be served only after a court proceeding in which the Secretary establishes that -

(1) the summons relates to the investigation of a particular person or ascertainable group or class of persons,

(2) there is a reasonable basis for believing that such person or group or class of persons may fail or may have failed to comply with any provision of any internal revenue law, and

(3) the information sought to be obtained from the examination of the records or testimony (and the identity of the person or persons with respect to whose liability the summons is issued) is not readily available from other sources.

(g) Special exception for certain summonses.

A summons is described in this subsection if, upon petition by the Secretary, the court determines, on the basis of the facts and circumstances alleged, that there is reasonable cause to believe the giving of notice may lead to attempts to conceal, destroy, or alter records relevant to the examination, to prevent the communication of information from other persons through intimidation, bribery, or collusion, or to flee to avoid prosecution, testifying, or production of records.

(h) Jurisdiction of district court; etc. -

(1) Jurisdiction. - The United States district court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine any proceedings brought under subsection (b)(2), (f), or (g). An order denying the petition shall be deemed a final order which may be appealed.

(2) Special rule for proceedings under subsections (f) and (g).- The determinations required to be made under subsections (f) and (g) shall be made ex parte and shall be made solely on the petition and supporting affidavits.

(i) Duty of summoned party. -

(1) Recordkeeper must assemble records and be prepared to produce records.- On receipt of a summons to which this section applies for the production of records, the summoned party shall proceed to assemble the records requested, or such portion thereof as the Secretary may prescribe, and shall be prepared to produce the records pursuant to the summons on the day on which the records are to be examined.

(2) Secretary may give summoned party certificate. - The Secretary may issue a certificate to the summoned party that the period prescribed for beginning a proceeding to quash a summons has expired and that no such proceeding began within such period, or that the taxpayer consents to the examination.

(3) Protection for summoned party who discloses. - Any summoned party, or agent or employee thereof, making a disclosure of records or testimony pursuant to this section in good faith reliance on the certificate of the Secretary or an order of a court requiring production of records or the giving of such testimony shall not be liable to any customer or other person for such disclosure.

(4) Notice of suspension of statute of limitations in the case of a John Doe summons. - In the case of a summons described in subsection (f) with respect to which any period of limitations has been suspended under subsection (e)(2), the summoned party shall provide notice of such suspension to any person described in subsection (f).

(j) Use of summons not required. -

Nothing in this section shall be construed to limit the Secretary's ability to obtain information, other than by summons, through formal or informal procedures authorized by sections 7601 and 7602.

# EXHIBIT B



# Summons

In the matter of  Advance Pay Day Plus, Incorporated  EIN:          6859,

Internal Revenue Service (Division):   Small Business / Self Employed Divison

Industry/Area (name or number):   California Area, San Francisco Territory, Group 6

Periods: Calendar years ending December 31, 2005 through December 31, 2011

## The Commissioner of Internal Revenue

**To:**  Custodian of Records, MoneyGram International, Inc.

**At:**  1550 Utica Avenue SO MS MBC-1508, Minneapolis, Minnesota 55416

You are hereby summoned and required to appear before  Steven L. Goldblatt, Internal Revenue Agent # 0819404 or his designee
an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers,
and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the
administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

Please see the enclosed Attachment detailing the request. This summons includes but is not limited to Advance Pay
Day Plus, Incorporated  EIN:          6859.

### Do not write in this space

**Business address and telephone number of IRS officer before whom you are to appear:**

Internal Revenue Service, 333 West Broadway, Mail Stop 4466,  San Diego, CA 92101   619-615-7719

**Place and time for appearance at**  Internal Revenue Service, 333 West Broadway, 7th Floor San Diego, CA 92101

# IRS
**Department of the Treasury
Internal Revenue Service**

**www.irs.gov**

Form 2039 (Rev. 10-2010)
Catalog Number 21405J

on the ____20th____ day of ____July____ 2013  at ___9:30___ o'clock __AM__ m.

Issued under authority of the Internal Revenue Code this __25th__ *(year)* day of _____ June_____ , 2013

*Signature of issuing officer*                           Revenue Agent
                                                                    Title

*Signature of approving officer (if applicable)*      Group Manager
                                                                    Title

**Part C — to be given to noticee**

# ATTACHMENT TO SUMMONS – MONEYGRAM INTERNATIONAL

In the matter of:   ADVANCE PAY DAY PLUS, INC

FEIN:            6859

Addresses:   724 Highland Avenue, Unit B, National City, California 91950

Periods:     Calendar year ending December 31, 2005 through Calendar year
             ending December 31, 2012.

Please provide copies of the Money Transfers or Money Orders for the exam period of
calendar years ending December 31, 2005 through calendar year ending December 31, 2012
for the following entities and individuals.

CHECKS CASH FOR LESS, INC. FEIN:        0895
724 HIGHLAND AVENUE, UNIT B, NATIONAL CITY, CALIFORNIA 91950

SALAM F. MAHMOOD SSN:        5595
5587 LA JOLLA MESA DRIVE, LA JOLLA, CA 92037

ENTISAR T. MAHMOOD SSN:        6736
5587 LA JOLLA MESA DRIVE, LA JOLLA, CA 92037

SALAM F. MAHMOOD 2002 TRUST, FEIN:        5821
724 HIGHLAND AVENUE, UNIT B, NATIONAL CITY, CALIFORNIA 91950

Personal appearance is not necessary if the required records are received by mail by the date
specified in the summons.  A cover letter is required which outlines the information and records
provided.



# Provisions of the Internal Revenue Code

## Sec. 7602. Examination of books and witnesses

(a) Authority to Summon, etc. - For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary is authorized -

   (1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry.

   (2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and

   (3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry.

(b) Purpose may include inquiry into offense. - The purposes for which the Secretary may take any action described in paragraph (1), (2), or (3) of subsection (a) include the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws.

(c) Notice of contact of third parties. -

   (1) General Notice. - An officer or employee of the Internal Revenue Service may not contact any person other than the taxpayer with respect to the determination or collection of the tax liability of such taxpayer without providing reasonable notice in advance to the taxpayer that contacts with persons other than the taxpayer may be made.

   (2) Notice of specific contacts. - The Secretary shall periodically provide to a taxpayer a record of persons contacted during such period by the Secretary with respect to the determination or collection of the tax liability of such taxpayer. Such record shall also be provided upon request of the taxpayer.

   (3) Exceptions. - This subsection shall not apply-

     (A) to any contact which the taxpayer has authorized,

     (B) if the Secretary determines for good cause shown that such notice would jeopardize collection of any tax or such notice may involve reprisal against any person, or

     (C) with respect to any pending criminal investigation.

(d) No administrative summons when there is Justice Department referral.-

   (1) Limitation of authority. - No summons may be issued under this title, and the Secretary may not begin any action under section 7604 to enforce any summons, with respect to any person if a Justice Department referral is in effect with respect to such person.

   (2) Justice Department referral in effect. - For purposes of this subsection-

     (A) In general. - A Justice Department referral is in effect with respect to any person if-

       (i) the Secretary has recommended to the Attorney General a grand jury investigation of, or the criminal prosecution of, such person for any offense connected with the administration or enforcement of the internal revenue laws or

       (ii) any request is made under section 6103(h)(3)(B) for the disclosure of any return or return information (within the meaning of section 6103(b)) relating to such person.

     (B) Termination. - A Justice Department referral shall cease to be in effect with respect to a person when-

       (i) the Attorney General notifies the Secretary, in writing, that -

         (I) he will not prosecute such person for any offense connected with the administration or enforcement of the internal revenue laws,

         (II) he will not authorize a grand jury investigation of such person with respect to such an offense, or

         (III) he will discontinue such a grand jury investigation.

       (ii) a final disposition has been made of any criminal proceeding pertaining to the enforcement of the internal revenue laws which was instituted by the Attorney General against such person, or

       (iii) the Attorney General notifies the Secretary, in writing, that he will not prosecute such person for any offense connected with the administration or enforcement of the internal revenue laws relating to the request described in sub paragraph (A)(ii).

   (3) Taxable years, etc., treated separately. - For purposes of this subsection, each taxable period (or, if there is no taxable period, each taxable event) and each tax imposed by a separate chapter of this title shall be treated separately.

(e) Limitation on examination on unreported income. - The Secretary shall not use financial status or economic reality examination techniques to determine the existence of unreported income of any taxpayer unless the Secretary has a reasonable indication that there is a likelihood of such unreported income.

---

Authority to examine books and witness is also provided under sec. 6420 (e)(2) - Gasoline used on farms: sec. 6421(g)(2) - Gasoline used for certain nonhighway purposes by local transit systems, or sold for certain exempt purposes; and sec. 6427(j)(2) - Fuels not used for taxable purposes.

~ ~ ~ ~ ~

## Sec. 7603. Service of summons

(a) In general - A summons issued under section 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7602 shall be served by the Secretary, by an attested copy delivered in hand to the person to whom it is directed, or left at his last and usual place of abode; and the certificate of service signed by the person serving the summons shall be evidence of the facts it states on the hearing of an application for the enforcement of the summons. When the summons requires the production of books, papers, records, or other data, it shall be sufficient if such books, papers, records, or other data are described with reasonable certainty

(b) Service by mail to third-party recordkeepers. -

   (1) In general. - A summons referred to in subsection (a) for the production of books, papers, records, or other data by a third-party recordkeeper may also be served by certified or registered mail to the last known address of such recordkeeper.

   (2) Third party record keeper. - For purposes of paragraph (1), the term *third-party recordkeeper* means -

     (A) any mutual savings bank, cooperative bank, domestic building and loan association, or other savings institution chartered and supervised as a savings and loan or similar association under Federal or State law, any bank (as defined in section 581), or any credit union (within the meaning of section 501 (c)(14)(A));

     (B) any consumer reporting agency (as defined under section 603(f) of the Fair Credit Reporting Act (15 U.S.C. 1681 a(f));

     (C) any person extending credit through the use of credit cards or similar devices;

     (D) any broker (as defined in section 3(a)(4) of the Securities Exchange Act of 1934 (15 U.S.C. 78c(a)(4));

     (E) any attorney;

     (F) any accountant;

     (G) any barter exchange (as defined in section 6045(c)(3));

     (H) any regulated investment company (as defined in section 851) and any agent of such regulated investment company when acting as an agent thereof;

     (I) any enrolled agent; and

     (J) any owner or developer of a computer software source code (as defined in section 7612(d)(2)). Subparagraph (J) shall apply only with respect to a summons requiring the production of the source code referred to in subparagraph (J) or the program and data described in section 7612(b)(1)(A)(ii) to which source code relates.

## Sec. 7604. Enforcement of summons

(a) Jurisdiction of District Court. - If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, records, or other data, the United States district court for the district in which such person resides or is found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, records, or other data.

(b) Enforcement. - Whenever any person summoned under section 6420(e)(2), 6421 (g)(2), 6427(j)(2), or 7602 neglects or refuses to obey such summons, or to produce books, papers, records, or other data, or to give testimony, as required, the Secretary may apply to the judge of the district court or to a United States Commissioner for the district within which the person so summoned resides or is found for an attachment against him as for a contempt. It shall be the duty of the judge or Commissioner to hear the application, and, if satisfactory proof is made, to issue an attachment, directed to some proper officer, for the arrest of such person, and upon his being brought before him to proceed to a hearing of the case; and upon such hearing the judge of the United States Commissioner shall have power to make such order as he shall deem proper, not inconsistent with the law for the punishment of contempts, to enforce obedience to the requirements of the summons and to punish such person for his default or disobedience.

~ ~ ~ ~ ~

## Sec. 7605. Time and place of examination

(a) Time and place. - The time and place of examination pursuant to the provisions of section 6420(e)(2), 6421 (g)(2), 6427(j)(2), or 7602 shall be such time and place as may be fixed by the Secretary and as are reasonable under the circumstances. In the case of a summons under authority of paragraph (2) of section 7602, or under the corresponding authority of section 6420(e)(2), 6421 (g)(2) or 6427(j)(2), the date fixed for appearance before the Secretary shall not be less than 10 days from the date of the summons.

## Sec. 7610. Fees and costs for witnesses

(a) In general. - The Secretary shall by regulations establish the rates and conditions under which payment may be made of -

   (1) fees and mileage to persons who are summoned to appear before the Secretary, and

   (2) reimbursement for such costs that are reasonably necessary which have been directly incurred in searching for, reproducing, or transporting books, papers, records, or other data required to be produced by summons.

(b) Exceptions. - No payment may be made under paragraph (2) of subsection (a) if -

   (1) the person with respect to whose liability the summons is issued has a proprietary interest in the books, papers, records or other data required to be produced, or

   (2) the person summoned is the person with respect to whose liability the summons is issued or an officer, employee, agent, accountant, or attorney of such person who, at the time the summons is served, is acting as such.

(c) Summons to which section applies. - This section applies with respect to any summons authorized under section 6420(e)(2), 6421 (g)(2), 6427(j)(2), or 7602.

## Sec. 7210. Failure to obey summons

Any person who, being duly summoned to appear to testify, or to appear and produce books, accounts, records, memoranda or other papers, as required under sections 6420(e)(2), 6421(g)(2), 6427(j)(2), 7602, 7603, and 7604(b), neglects to appear or to produce such books, accounts, records memoranda, or other papers, shall, upon conviction thereof, be fined not more than $1,000, or imprisoned not more than 1 year, or both, together with costs of prosecution.

**To:** Advance Pay Day Plus, Inc., Salam F. Mahmood, President Complete list on Summons Attachment **Date:** June 25, 2013

**Address:** 724 Highland Avenue, Suite B, National City, CA 91950

---

Enclosed is a copy of a summons served by the IRS to examine records made or kept by, or to request testimony from, the person summoned. If you object to the summons, you are permitted to file a lawsuit in the United States district court in the form of a petition to quash the summons in order to contest the merits of the summons.

If you are the taxpayer, see important information below on the suspensions of your periods of limitation under I.R.C. section 7609(e)(1) and (e)(2).

## General Directions

1. You must file your petition to quash in the United States district court for the district where the person summoned resides or is found.

2. You must file your petition within 20 days from the date of this notice and pay a filing fee as may be required by the clerk of the court.

3. You must comply with the Federal Rules of Civil Procedure and local rules of the United States district court.

## Instructions for Preparing Petition to Quash

1. Entitle your petition "Petition to Quash Summons."

2. Name the person or entity to whom this notice is directed as the petitioner.

3. Name the United States as the respondent.

4. State the basis for the court's jurisdiction, as required by Federal Rule of Civil Procedure. See Internal Revenue Code Section 7609(h).

5. State the name and address of the person or entity to whom this notice is directed and state that the records or testimony sought by the summons relate to that person or entity.

6. Identify and attach a copy of the summons.

7. State in detail every legal argument supporting the relief requested in your petition. See Federal Rules of Civil Procedure. Note that in some courts you may be required to support your request for relief by a sworn declaration or affidavit supporting any issue you wish to contest.

8. Your petition must be signed as required by Federal Rule of Civil Procedure 11.

9. Your petition must be served upon the appropriate parties, including the United States, as required by Federal Rule of Civil Procedure 4.

10. At the same time you file your petition with the court, you must mail a copy of your petition by certified or registered mail to the person summoned and to the IRS. Mail the copy for the IRS to the officer whose name and address are shown on the face of this summons. See 7609(b)(2)(B).

The court will decide whether the person summoned should be required to comply with the summons request.

## Suspension of Periods of Limitation

If you are the taxpayer being examined/investigated by this summons and you file a petition to quash the summons (or if you intervene in any suit concerning the enforcement of this summons), your periods of limitation for assessment of tax liabilities and for criminal prosecutions will be suspended pursuant to I.R.C. section 7609(e)(1) for the tax periods to which the summons relates. Such suspension will be effective while any proceeding (or appeal) with respect to the summons is pending. Your periods of limitation will also be suspended under section 7609(e)(2) if the summoned person fails to fully respond to this summons for 6 months. The suspension under section 7609(e)(2) will begin 6 months after the summons is served and will continue until the summoned person finally resolves the obligation to produce the summoned information. You can contact the IRS officer identified on the summons for information concerning the suspension under section 7609(e)(2). If you contact the IRS officer for this purpose, please provide the following information: (1) your name, address, home and work telephone numbers and any convenient time you can be contacted and (2) a copy of the summons or a description of it that includes the date it was issued, the name of the IRS employee who issued it, and the name of the summoned person.

The relevant provisions of the Internal Revenue Code are enclosed with this notice. If you have any questions, please contact the Internal Revenue Service officer before whom the person summoned is to appear. The officer's name and telephone number are shown on the summons.



Department of the Treasury
**Internal Revenue Service**

**www.irs.gov**

Form 2039 (Rev. 10-2010)
Catalog Number 21405J

**Part D** — to be given to noticee

## Sec. 7609. Special procedures for third-party summons

(a) Notice-

(1) In general. - If any summons to which this section applies requires the giving of testimony on or relating to, the production of any portion of records made or kept on or relating to, or the production of any computer software source code (as defined in 7612(d)(2)) with respect to, any person (other than the person summoned) who is identified in the summons, then notice of the summons shall be given to any person so identified within 3 days of the day on which such service is made, but no later than the 23rd day before the day fixed in the summons as the day upon which such records are to be examined. Such notice shall be accompanied by a copy of the summons which has been served and shall contain an explanation of the right under subsection (b)(2) to bring a proceeding to quash the summons.

(2) Sufficiency of notice. - Such notice shall be sufficient if, on or before such third day, such notice is served in the manner provided in section 7603 (relating to service of summons) upon the person entitled to notice, or is mailed by certified or registered mail to the last known address of such person, or, in the absence of a last known address, is left with the person summoned. If such notice is mailed, it shall be sufficient if mailed to the last known address of the person entitled to notice or, in the case of notice to the Secretary under section 6903 of the existence of a fiduciary relationship, to the last known address of the fiduciary of such person, even if such person or fiduciary is then deceased, under a legal disability, or no longer in existence.

(3) Nature of summons. - Any summons to which this subsection applies (and any summons in aid of collection described in subsection (c)(2)(D)) shall identify the taxpayer to whom the summons relates or the other person to whom the records pertain and shall provide such other information as will enable the person summoned to locate the required under the summons.

(b) Right to intervene; right to proceeding to quash. -

(1) Intervention. - Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to intervene in any proceeding with respect to the enforcement of such summons under section 7604.

(2) Proceeding to quash. -

(A) In general. - Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2). In any such proceeding, the Secretary may seek to compel compliance with the summons.

(B) Requirement of notice to person summoned and to Secretary. - If any person begins a proceeding under subparagraph (A) with respect to any summons, not later than the close of the 20-day period referred to in subparagraph (A) such person shall mail by registered or certified mail a copy of the petition to the person summoned and to such office as the Secretary may direct in the notice referred to in subsection (a)(1).

(C) Intervention, etc. - Notwithstanding any other law or rule of law, the person summoned shall have the right to intervene in any proceeding under subparagraph (A). Such person shall be bound by the decision in such proceeding (whether or not the person intervenes in such proceeding).

(c) Summons to which section applies. -

(1) In general. - Except as provided in paragraph (2), this section shall apply to any summons issued under paragraph (2) of section 7602(a) or under sections 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7612.

(2) Exceptions. - This section shall not apply to any summons -

(A) served on the person with respect to whose liability the summons is issued, or any officer or employee of such person;

(B) issued to determine whether or not records of the business transaction or affairs of an identified person have been made or kept;

(C) issued solely to determine the identify of any person having a numbered account (or similar arrangement) with a bank or other institution described in section 7603(b)(2)(A);

(D) issued in aid of the collection of-

(i) an assessment made or a judgment rendered against the person with respect to whose liability the summons is issued, or

(ii) the liability at law or in equity of any transferee or fiduciary of any person referred to in clause; or

(E) (i) issued by a criminal investigator of the Internal Revenue Service in connection with the investigation of an offense connected with the administration or enforcement of the internal revenue laws, and

(ii) served on a person who is not a third-party recordkeeper (as defined in section 7603(b)).

(3) John Doe and Certain Other Summonses. - Subsection (a) shall not apply to any summons described in subsection (f) or (g).

(4) Records. - For purposes of this section, the term records includes books, papers, and other data.

(d) Restriction on examination of records. - No examination of any records required to be produced under a summons as to which notice is required under subsection (a) may be made -

(1) before the close of the 23rd day after the day notice with respect to the summons is given in the manner provided in subsection (a)(2), or

(2) where a proceeding under subsection (b)(2)(A) was begun within the 20-day period referred to in such subsection and the requirements of subsection (b)(2)(B) have been met, except in accordance with an order of the court having jurisdiction of such proceeding or with the consent of the person beginning the proceeding to quash.

(e) Suspension of Statute of Limitations. -

(1) Subsection (b) action. - If any person takes any action as provided in subsection (b) and such person is the person with respect to whose liability the summons is issued (or is the agent, nominee, or other person acting under the direction or control of such person), then the running of any period of limitations under section 6501 (relating to the assessment and collection of tax) or under section 6531 (relating to criminal prosecutions) with respect to such person shall be suspended for the period during which a proceeding, and appeals therein, with respect to the enforcement of such summons is pending.

(2) Suspension after 6 months of service of summons. - In the absence of the resolution of the summoned party's response to the summons, the running of any period of limitations under section 6501 or under section 6531 with respect to any person with respect to whose liability the summons is issued (other than a person taking action as provided in subsection (b)) shall be suspended for the period-

(A) beginning on the date which is 6 months after the service of such summons, and

(B) ending with the final resolution of such response.

(f) Additional requirements in the case of a John Doe summons. -

Any summons described in subsection (c)(1) which does not identify the person with respect to whose liability the summons is issued may be served only after a court proceeding in which the Secretary establishes that -

(1) the summons relates to the investigation of a particular person or ascertainable group or class of persons,

(2) there is a reasonable basis for believing that such person or group or class of persons may fail or may have failed to comply with any provision of any internal revenue law, and

(3) the information sought to be obtained from the examination of the records or testimony (and the identity of the person or persons with respect to whose liability the summons is issued) is not readily available from other sources.

(g) Special exception for certain summonses. -

A summons is described in this subsection if, upon petition by the Secretary, the court determines, on the basis of the facts and circumstances alleged, that there is reasonable cause to believe the giving of notice may lead to attempts to conceal, destroy, or alter records relevant to the examination, to prevent the communication of information from other persons through intimidation, bribery, or collusion, or to flee to avoid prosecution, testifying, or production of records.

(h) Jurisdiction of district court; etc. -

(1) Jurisdiction. - The United States district court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine any proceedings brought under subsection (b)(2), (f), or (g). An order denying the petition shall be deemed a final order which may be appealed.

(2) Special rule for proceedings under subsections (f) and (g).- The determinations required to be made under subsections (f) and (g) shall be made ex parte and shall be made solely on the petition and supporting affidavits.

(i) Duty of summoned party. -

(1) Recordkeeper must assemble records and be prepared to produce records.- On receipt of a summons to which this section applies for the production of records, the summoned party shall proceed to assemble the records requested, or such portion thereof as the Secretary may prescribe, and shall be prepared to produce the records pursuant to the summons on the day on which the records are to be examined.

(2) Secretary may give summoned party certificate. - The Secretary may issue a certificate to the summoned party that the period prescribed for beginning a proceeding to quash a summons has expired and that no such proceeding began within such period, or that the taxpayer consents to the examination.

(3) Protection for summoned party who discloses. - Any summoned party, or agent or employee thereof, making a disclosure of records or testimony pursuant to this section in good faith reliance on the certificate of the Secretary or an order of a court requiring production of records or the giving of such testimony shall not be liable to any customer or other person for such disclosure.

(4) Notice of suspension of statute of limitations in the case of a John Doe summons. - In the case of a summons described in subsection (f) with respect to which any period of limitations has been suspended under subsection (e)(2), the summoned party shall provide notice of such suspension to any person described in subsection (f).

(j) Use of summons not required. -

Nothing in this section shall be construed to limit the Secretary's ability to obtain information, other than by summons, through formal or informal procedures authorized by sections 7601 and 7602.

## Suspension of Corporate Taxpayer's Period of Limitations on Assessment If a Court Proceeding is Brought Regarding a Designated or Related Summons

The IRS may issue designated or related summonses to examine the tax liability of certain corporations. A designated summons will be identified by a statement at the top of the summons that reads: "This is a designated summons pursuant to IRC 6503(j)." A related summons will be identified by a similar statement at the top of the summons indicating that it is a related summons issued pursuant to I.R.C. sec. 6503(j).

If you are a corporate taxpayer and the IRS has issued a designated or related summons to investigate your tax liability, your period of limitations on assessment will be suspended if a court proceeding concerning the summons is begun. This suspension will be effective on the day the court proceeding is brought. If the court orders any compliance with the summons, the suspension will continue until 120 days after the summoned person finally resolves his response to the summons. If the court does not order any compliance with the summons, then the period of limitations will resume running on the day after final resolution (but the period of limitations will not expire before the 60th day after final resolution).

To obtain information about the dates of the suspension under section 6503(j), you can contact the IRS officer before whom the person summoned is to appear. The officer's name and telephone number are identified on the summons.



Department of the Treasury
**Internal Revenue Service**

**www.irs.gov**

Form 2039 (Rev. 10-2010)
Catalog Number 21405J

**Part E —**  to be given to the corporate taxpayer only if
this is a designated or related summons

## Sec 6503(j).  Extension In case of certain summonses

(1)  In General----

If any designated summons is issued by the Secretary to a corporation (or to any other person to whom the corporation has transferred records) with respect to any return of tax by such corporation for a taxable year (or other period) for which such corporation is being examined under the coordinated examination program (or any successor program) of the Internal Revenue Service, the running of any period of limitations provided in section 6501 on the assessment of such tax shall be suspended—

(A) during any judicial enforcement period--

(i) with respect to such summons, or

(ii) with respect to any other summons

which is issued during the 30-day period which begins on the date on which such designated summons is issued and which relates to the same return as such designated summons, and

(B) if the court in any proceeding referred to in paragraph (3) requires any compliance with a summons referred to in subparagraph (A), during the 120 day period beginning with the 1st day after the close of the suspension under subparagraph (A).

If subparagraph (B) does not apply, such period shall in no event expire before the 60th day after the close of the suspension under subparagraph (A).

(2) Designated Summons -- For purposes of this subsection—

(A) In General -- The term "designated summons" means any summons issued for purposes of determining the amount of any tax imposed by this title if--

(i)  the issuance of such summons is preceded by a review of such issuance by the regional counsel of the Office of Chief Counsel for the region in which the examination of the corporation is being conducted,

(ii) such summons is issued at least 60 days before the day on which the period prescribed in section 6501 for the assessment of such tax expires (determined with regard to extensions), and

(iii) such summons clearly states that it is a designated summons for purposes of this subsection.

(B) Limitation -- A summons which relates to any return shall not be treated as a designated summons if a prior summons which relates to such return was treated as a designated summons for purposes of this subsection.

(3) Judicial Enforcement Period -- For purposes of this subsection, the term "judicial enforcement period" means, with respect to any summons, the period –

(A) which begins on the day on which a court proceeding with respect to such summons is brought, and

(B) which ends on the day on which there is a final resolution as to the summoned person's response to such summons.

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

7012 2920 0000 6042 2166

Sent To Checks Cashed For Less, Inc.
Attn: Salam Mahmood
Street, Apt. No.; or PO Box No. 724 Highland Ave #B
City, State, ZIP+4 National City, CA 91950

PS Form 3800, August 2006          See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Checks Cashed For Less, Inc
724 Highland Avenue
Unit B
National City, CA 91950
Attn: MR Salam Mahmood

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☑ Certified Mail   ☐ Express Mail
   ☐ Registered       ☑ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)    7012 2920 0000 6042 2166

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

MONEY GRAM

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To *Sarah Bradbury, MoneyGram Intl.*
Street, Apt. No.; or PO Box No. *1550 Utica Avenue*
City, State, ZIP+4 *Minneapolis, MN 55416*

PS Form 3800, August 2006      See Reverse for Instructions

7012 2920 0000 6042 2142

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

*Ms. Sarah Bradbury, Legal Counsel*
*MoneyGram International*
*1550 Utica Avenue*
*SO MS MBC-1508*
*Minneapolis, MN*
*55416-531V*

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Levi Wilson_        ☐ Agent
                        ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery
_Levi Wilson_

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
   ☑ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)            ☐ Yes

2. Article Number
   (Transfer from service label)     7012 2920 0000 6042 2142

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540

## U.S. Postal Service™
### CERTIFIED MAIL™ RECEIPT
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

O F F I C I A L   U S E

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

Sent To *Robert J. Bliss, CPA*
Street, Apt. No.; or PO Box No. *378 E Street*
City, State, ZIP+4 *Chula Vista, Ca 91910*

7012 2920 0000 6042 2159

PS Form 3800, August 2006     See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Robert J. Bliss, CPA
378 E Street
Chula Vista, CA
91910

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent
                 ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery
                                  06/26/13

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☑ Certified Mail      ☐ Express Mail
   ☐ Registered          ☑ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)      7012 2920 0000 6042 2159

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

MoneyGRAM

**Internal Revenue Service**
**Small Business and Self-Employed**

**Department of the Treasury**
INTERNAL REVENUE SERVICE
333 W. BROADWAY, 7TH FLOOR
SAN DIEGO  CA  92101

Date:  June 25, 2013

ROBERT J. BLISS, CPA
378 E STREET
SUITE B
CHULA VISTA CA  91910

Taxpayer Name:
ADVANCE PAY DAY PLUS, INC.

Taxpayer Identification Number:
        8859

Form Number:
1120S

Year(s):
2009            2010            2011

Person to Contact/ID Number:
STEVEN L. GOLDBLATT            1000819404

Contact Telephone Number:
(619) 615-7719

Contact Fax Number:
(619) 615-3720

Dear ROBERT J. BLISS, CPA:

We are sending the enclosed material under the provisions of your power of attorney or other authorization we have on file.  For your convenience, we have listed the name of the taxpayer to whom this material relates in the heading above.

If you have any questions, please call the contact person at the telephone number shown in the heading of this letter.

Thank you for your cooperation.

Sincerely,

*Steven L. Goldblatt*

STEVEN L. GOLDBLATT
REVENUE AGENT

Enclosures:
☒ Letter(s)
☐ Report(s)
☐ Copy of Determination Letter
☒ Other Form 2039, Summons

**Letter 937 (Rev. 11-2006)**
Catalog Number 30760X

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

7012 2920 0000 6042 2180

Sent To _Entisar Mahmood_
Street, Apt. No.;
or PO Box No. _5587 La Jolla Mesa Dr._
City, State, ZIP+4 _La Jolla, CA 92037_

PS Form 3800, August 2006          See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

_Entisar Mahmood_
_5587 La Jolla Mesa Dr_
_La Jolla, CA        92037_

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☑ Agent
                    ☑ Addressee

B. Received by ( Printed Name)   C. Date of Delivery
   _E. Mahmood_                  _PH 6/24/13_

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
   ☑ Certified Mail      ☐ Express Mail
   ☐ Registered          ☑ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)      ☑ Yes

2. Article Number
   (Transfer from service label)      7012 2920 0000 6042 2180

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540

_Money Gram_

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

7012 2920 0000 6042 2173

Sent To
Salam Mahmood
Street, Apt. No.; or PO Box No.  724 Highland Ave #B
City, State, ZIP+4  NATIONAL CITY, CA 91950

PS Form 3800, August 2006                See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Salam Mahmood
724 Highland Ave. #B
NATIONAL City, Ca
    91950

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
   ☑ Certified Mail    ☐ Express Mail
   ☐ Registered    ☑ Return Receipt for Merchandise
   ☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)    7012 2920 0000 6042 2173

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

7012 2920 0000 6042 7192

Sent To ADVANCE PAY DAY PLUS INC
ATTN: MR. Salam MAHMOOD
Street, Apt. No.;
or PO Box No. 724 Highland Ave
City, State, ZIP+4 NATIONAL CITY, CA 91950

PS Form 3800, August 2006          See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- ☒ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- ☒ Print your name and address on the reverse so that we can return the card to you.
- ☒ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Advanced Pay Day Plus, Inc
724 Highland Ave #B
National City, Ca
91950
ATTN: MR. Salam Mahmood

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent   ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery
CHRIS JONES   6/26/13

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☑ No

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☑ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7012 2920 0000 6042 7192

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

Money Gram

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

7012 2920 0000 6042 2197

Sent To
*Salam F. Mahmood 2002 Trust*
Street, Apt. No.; or PO Box No.
*724 Highland Ave #B*
City, State, ZIP+4
*National City, CA 91950*

PS Form 3800, August 2006                    See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

*Salam F. Mahmood 2002*
*Trust*
*724 Highland Avenue #B*
*National City, CA*
*91950*

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____   ☐ Agent  ☑ Addressee

B. Received by ( Printed Name )    C. Date of Delivery
*S. Mahmood*                        *PH 6/26/13*

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☑ Certified Mail    ☐ Express Mail
☐ Registered        ☑ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    7012 2920 0000 6042 2197

PS Form 3811, February 2004       Domestic Return Receipt       102595-02-M-1540

# EXHIBIT C

# fax

 **MoneyGram.**

Date: ___July 12, 2013___

Number of pages including cover sheet ___2___

To:

Revenue Agent Steven Goldblatt

Internal Revenue Service

333 West Broadway

MS 4466

San Diego, CA

Phone: (619) 615-7719

Fax: (619) 615-3720

CC:

From:

Andi Wentworth

Law Enforcement Liaison Analyst

MoneyGram International Inc.

1550 Utica Avenue South MS: MBC-5508

Minneapolis, MN  55416

Phone : (763) 569-2993

Fax:  (866) 955-6406

**REMARKS:**

☐ Urgent    ☒ For your review    ☐ Reply ASAP    ☐ Please comment

INTERNAL REVENUE SERVICE
RECEIVED

JUL 1 2 2013

SBSE COMPLIANCE-AREA 7
GROUP 1337 SAN DIEGO, CA

July 12, 2013

<u>CONFIDENTIAL</u>

Revenue Agent Steven Goldblatt
Internal Revenue Service
333 West Broadway
MS 4466
San Diego, CA 92101

RE:  **Summons dated June 25, 2013 (the "Summons")**
     **MoneyGram Case No. 13AJW0518**

Dear Agent Goldblatt:

MoneyGram has received your Summons and was prepared to fulfill it. However, we have recently received a Motion to Quash the Summons from the attorney representing Salam F. Mahmood. Because the validity of this Summons is before the Court, we will await the Court's determination before we take any action to fulfill the Summons.

We certainly hope you respect MoneyGram's position on this matter. If you have any questions, feel free to contact MoneyGram's legal counsel, Sarah Bradbury (214) 979-1481, when doing to, please reference case number: 13AJW0518.

Sincerely,

Andi Wentworth
Law Enforcement Liaison Analyst
MoneyGram International, Inc.
1550 Utica Avenue South
MS: MBC 5508
Minneapolis, MN 55416
Phone (763) 569-2993
Fax (866) 955-6406
AWentworth@moneygram.com

INTERNAL REVENUE SERVICE
RECEIVED

JUL 1 2 2013

SBSE COMPLIANCE-AREA 7
GROUP 1337 SAN DIEGO, CA

1